# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Willie James Suite,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:14cv1312 (TSE/TCB) |
| | )<br>) |
| Harold Clarke,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Willie James Suite, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of drug offenses in the Portsmouth Circuit Court. Petitioner has paid the statutory filing fee. By Order dated October 29, 2014, petitioner was informed that this petition appeared to have been filed untimely, and he was allowed thirty (30) days within which to show cause why the petition should not be barred by the statute of limitations. Petitioner has filed a reply. After careful consideration, this petition must be dismissed, as time-barred.

### I. Background

On October 18, 2010, petitioner entered a conditional plea of guilty to charges of possession of heroin, possession of cocaine, and probation violation in the Circuit Court for the City of Portsmouth. He was sentenced on June 30, 2010 to serve a total of five (5) years incarceration. Pet. at 1. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal in March, 2012. Pet. at 2. Petitioner then appealed to the Supreme Court of Virginia, which refused his appeal on July 19, 2012. Id. Therefore, petitioner's conviction became final on October 17, 2012, the last date he could have petitioned the Supreme

Court of the United States for a writ of certiorari.[1]

In response to the Order of October 29, 2014, petitioner has supplied copies of documents pertaining to two petitions for state habeas corpus relief. In October, 2012, Suite filed a petition for a writ of habeas corpus in the Circuit Court for the City of Chesapeake. Suite v. Clarke, case number CL12-2448; Dkt. 4, Att. p. 1. By Final Order dated July 18, 2014, the petition was dismissed and the matter was stricken from the court's docket on the following holding:

> Petitioner raises numerous allegations that he was denied his constitutional rights in connection with his trial and convictions in Portsmouth Circuit Court that preceded this Court's judgment in Case No. CR11-775, revoking sentences previously suspended in Case Nos. CR98-2217, CR00-3147 and CR03-1502. The Court has determined that all of petitioner's allegations pertain to the proceedings in Portsmouth Circuit Court. Virginia Code § 8.01-654(B)(1) expressly provides, 'only the circuit court which entered the original judgment order of conviction or convictions complained of in the petition shall have authority to issue writs of habeas corpus.' Thus, pursuant to Virginia Code § 8.01-654(B)(1), thus [sic] Court has no authority to grant petitioner relief upon grounds that arose in the Circuit Court of the City of Portsmouth.

Dkt. 4, Att. pp. 3-3A.

In June, 2014, Suite also filed a petition for a writ of habeas corpus in the Circuit Court of the City of Portsmouth. Suite v. Clarke, case number 14-1917; Dkt. 4, Att. p. 2. That petition was denied and dismissed by Final Order dated August 13, 2014, which held:

> Upon mature consideration of the petition for a writ of habeas corpus filed herein, and the motion to dismiss filed by the respondent, the Court finds that the petition is barred by the statute of limitations as to both petitioner's criminal convictions in Case Nos. CR100000512-

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

01 and -02 and as to his probation revocation in Case No. CR05A-573. Virginia Code § 8.01-654(A)(2); *Booker v. Dir., Dept. of Corr.*, 284 Va. 6, 7272 S.E.2d 650 (2012).

Dkt. 4, Att. p. 4.

Suite then turned to the federal forum and filed this petition for relief pursuant to § 2254 on September 22, 2014.[2]

## II. Analysis

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, petitioner's judgment of conviction became final on October 17, 2012, so the limitations clock began to run on that date.

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); The definition of "properly filed" in this context is based on applicable state law as interpreted by state courts. Pace v. DiGuglielmo, 544 U.S. 408 (2005). Accordingly, neither of Suite's state habeas corpus applications was "properly filed." The Circuit Court for the City of Chesapeake dismissed the petition Suite filed there on the ground that it lacked jurisdiction pursuant to Virginia Code § 8.01-654(B)(1) to grant relief as to a conviction entered

---

[2] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed the petition in the prison mailing system on September 22, 2014. at 15. The petition was date-stamped as received by the Clerk of this Court on September 25, 2014. Pet. at 1.

3

in another circuit, and the Circuit Court for the City of Portsmouth determined that the claims before it were barred by the statute of limitations set out in Virginia Code § 8.01-654(A)(2). Thus, neither of those petitions was "properly filed," and neither acted to toll the limitations period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely); Williams v. Crosby, 2006 WL 1823437 at * 3 (M.D. Fla. June 30, 2006) ("Petitioner's request for certiorari was not a 'properly filed' application for state post-conviction relief under Florida law because it was filed in the wrong court.").

The limitations period in Suite's case thus ran unchecked from October 17, 2012, the date his conviction became final, until this federal petition was filed on September 22, 2014. Since that period exceeded the one-year limitations period of § 2244(d) by almost 11 months, this petition is untimely unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. In the Order of October 29, 2014, Suite was advised that the petition would be dismissed as untimely unless he could establish that the statute of limitations did not apply or should otherwise be tolled. In his response to the Order, petitioner made no argument that the limitations period should be tolled, and instead asserted only that it should be deemed timely. Petitioner did not argue, much less demonstrate, that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offenses for which he was convicted. See Schulp v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration.

4

## III. Conclusion

For the foregoing reasons, this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this 5th day of December 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge